*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1617**

In re the Marriage of: Nicole Marie Trovato, petitioner,
Respondent,

vs.

Vincent Henry Trovato,
Appellant.

**Filed March 30, 2015
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-FA-11-7530

Kevin G. Leiran, Leiran Law Offices, LLC, St. Paul, Minnesota (for respondent)

Vincent H. Trovato, Eden Prairie, Minnesota (pro se appellant)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

In this marital-dissolution dispute, appellant argues that the district court failed to recognize that he traced a nonmarital interest to the parties' marital home. We affirm.

**FACTS**

Appellant Vincent Trovato and respondent Nicole Trovato were married in 1990 in New York. During the marriage, the parties relocated to Minnesota and purchased a home in Eden Prairie. Appellant's parents wrote three checks to appellant, totaling $18,000, to assist with the down payment of the marital home. These checks were deposited into appellant and respondent's joint checking account.

The parties separated in November 2010, and respondent initiated divorce proceedings in 2011. The matter came on for trial on March 5, 2013, and the dissolution was entered by Judgment and Decree on June 27, 2013. The district court found that the marital home was purchased with financial assistance from appellant's parents and determined that the $18,000 was a gift to both appellant and respondent. The district court denied appellant's nonmarital interest, assessed the value of the home at $225,000, and awarded respondent a lien for one-half of the remaining equity in the homestead, totaling $73,595. Appellant filed a motion for reconsideration of (1) the fair market value of the parties' marital homestead, (2) the denial of appellant's nonmarital interest in the homestead, (3) the entry of a permanent maintenance award in favor of respondent, and (4) the distribution of various financial accounts. The district court denied the motion. This appeal followed.

**D E C I S I O N**

Appellant argues that the district court erred by denying his nonmarital interest in the parties' marital homestead. We disagree. "Whether property is marital or nonmarital is a question of law, but a reviewing court must defer to the [district] court's underlying

findings of fact. However, if [the reviewing court is] left with the definite and firm conviction that a mistake has been made, [it] may find the [district] court's decision to be clearly erroneous, notwithstanding the existence of evidence to support such findings." *Olsen v. Olsen*, 562 N.W.2d 797, 800 (Minn. 1997) (quotation and citation omitted); *see Baker v. Baker*, 753 N.W.2d 644, 649 (Minn. 2008) (stating that "[appellate courts] independently review the issue of whether property is marital or nonmarital, giving deference to the district court's findings of fact."). All property acquired during a marriage is presumed to be marital; property acquired before the marriage is nonmarital. Minn. Stat. § 518.003, subd. 3b (2014); *Antone v. Antone*, 645 N.W.2d 96, 100-01 (Minn. 2002). To overcome the presumption that property is marital, a party must show by a preponderance of the evidence that the property is nonmarital. *Baker*, 753 N.W.2d at 649-50.

The district court stated:

> The homestead was purchased with financial assistance from Husband's parents in the form of gifts of at least $7,500 and $5,000. Based on the limited evidence presented, the Court found it more credible that the gift was intended for both Husband and Wife. "All property acquired by either spouse during the marriage is presumptively marital, but a spouse may defeat the presumption by showing by a preponderance of the evidence that the property acquired is nonmarital." *Baker v. Baker*, 753 N.W.2d 644, 649 (Minn. 2008) (citing Minn. Stat. § 518.003, subd. 3b (2006)). Husband did not meet his burden of proof to show the gift from Husband's parents was meant as a gift solely to Husband.

The record supports the findings of fact incorporated in this statement. At trial, appellant produced three cashier's checks showing a total gift of $18,000 from appellant's parents,

3

made during the parties' marriage, payable to appellant. He also produced a "gift letter" from the parties' mortgage company, which indicates that the $18,000 was given to appellant to be used for the purchase of the marital home. Although appellant testified that his parents' gift was intended to be for only him based on a promise from his youth, respondent testified as follows:

> Q: [D]id you receive any assistance in the purchase of [the marital home]?
> A: Yes. [Appellant's] mom and dad gave us money for a down payment.
> . . . .
> Q: And was this a gift to—did you consider this a gift to both of you?
> A: Yes, for the family to purchase a home.
> Q: And those checks are listed under our Exhibit—I believe our Exhibit 8 and deposit slip Number 9. And our Exhibit Number 10, there was actually a document from [your mortgage company] with the names of [appellant's parents]?
> A: Yes.
> Q: And do you recall what that note says?
> A: It said that they were giving us the money and it wasn't to be paid back.
> Q: Now it does, to be fair, just say [appellant], but it does say this is a bona fide gift and there's no obligation, express or implied, to repay this sum at any time. Again, did you—when this money was deposited what account did it go into?
> A: I believe it went into our joint account.

A nonmarital interest in property may be established based upon credible testimony. *See, e.g.*, *Doering v. Doering*, 385 N.W.2d 387, 390 (Minn. App. 1986) (affirming the district court's resolution of conflicting testimony regarding the amount of a party's nonmarital interest in the homestead). The district court determined that respondent's testimony was more credible than appellant's testimony and we defer to the district court's credibility determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210

4

(Minn. 1988). Consequently, we conclude that the district court did not err by concluding that the monetary gift from appellant's parents was marital property.

**Affirmed.**